IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTINE B. ORTON, as Wife          )
and Dependent of CHRISTOPHER         )
ORTON, Deceased,                     )
                                     )
    Plaintiff,               )
                                     )
    v.                       )          CASE NO. 2:25-CV-00786-BL-SMD
                                     )
EUFAULA WATER WORKS, et al.,         )
                                     )
    Defendants.              )

## **ORDER**

Pending before the court are Plaintiff Christine Orton's Motion to Remand (doc. 8), Defendant Husqvarna Consumer Outdoor Products N.A., Inc.'s ("Husqvarna") Motion for Jurisdictional Discovery (doc. 11), and Defendant Husqvarna's Motion for Severance (doc. 11). The parties have fully briefed their positions as to the motions (docs. 11, 12), the Magistrate Judge has issued a Report and Recommendation (doc. 13), Defendant Husqvarna has filed its objections to the Report and Recommendation (doc. 14), and the parties have fully briefed their positions to the Report and Recommendation and to Defendant Husqvarna's objections (docs. 15, 16). On June 5, 2026, this court held a hearing on the pending motions. As such, because these matters have been fully briefed and heard by the court, the motions are ripe and ready for review.

## I.    Procedural History

On June 24, 2025, Plaintiff Christine Orton filed a Complaint in the Circuit Court of Barbour County, Alabama, against Defendant Eufaula Water Works under Alabama's Worker's Compensation Act. (*See* Doc. 1-1 at 2-5). On August 22, 2025, the Plaintiff filed a Second Amended Complaint in which she named Husqvarna as an additional Defendant and added a claim under Alabama's Extended Manufacturers Liability Doctrine ("AEMLD") and a claim of Negligence/Wantonness. (*See* Doc. 1-1 at 80-86). On September 29, 2025, Defendant Husqvarna filed its Notice of Removal with this court and asserted that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. (*See* Doc. 1). On October 29, 2025, the Plaintiff filed a Motion to Remand this action to the Circuit Court of Barbour County, Alabama. (Doc. 8). Defendant Husqvarna filed a Response in Opposition to the Motion to Remand that included a Motion for Jurisdictional Discovery and a Motion for Severance (doc. 11), and the Plaintiff filed a Reply to the Response (doc. 12).

On February 9, 2026, the Magistrate Judge recommended that the court grant the Plaintiff's Motion to Remand, deny Defendant Husqvarna's requests for jurisdictional discovery and severance, and that this action be remanded to the Circuit Court of Barbour County, Alabama. (Doc. 13). Defendant Husqvarna filed objections to the recommendation (doc. 14), the Plaintiff filed a response to

2

Defendant Husqvarna's objections (doc. 15), and Defendant Husqvarna filed a Reply in Support of its objections (doc. 16).

## II.    Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

## III.    Discussion

In its objections, Defendant Husqvarna contends that (I) "[t]he recommendation misapplies the fraudulent joinder standard because there is no justiciable controversy between Plaintiff and Eufaula"; (II) that "[e]ven if a colorable claim exists, the recommendation errs by refusing severance"; and (III) that "[t]he

3

recommendation errs in denying narrow jurisdictional discovery based on an overbroad reading of *Lowery*." (*See* Doc. 14). The court takes each objection in turn.

## A. Fraudulent Joinder Standard

Defendant Husqvarna argues that the "recommendation conflates ongoing, prospective benefits with a present, accrued controversy," that "[b]oilerplate denials do not create a controversy considering there is no dispute as to payment of benefits," and that the "recommendation's reliance on *Jernigan*/*Mays* is misplaced; the facts align with *Holcomb*/*Callen*." (Doc. 14 at 1-3). The court takes each argument in turn.

### 1) Ongoing, Prospective Benefits / Present, Accrued Controversy

As to Defendant Husqvarna's first objection under the fraudulent joinder standard, Defendant Husqvarna notes that "[t]he recommendation finds that Plaintiff asserted a viable claim against Eufaula because (i) Eufaula 'had not paid all benefits' at the time of filing and (ii) it had not 'admitted liability or made any promise to pay all future benefits.'" (Doc. 14 at 1-2) (citing Doc. 13 at 5). Defendant Husqvarna contends that, pursuant to § 25-5-51, Ala. Code 1975, "periodic death benefits accrue over time by statute; not all benefits being paid yet simply reflects the existence of future installments, not any refusal to pay an amount presently due." (Doc. 14 at 2). Further, Defendant Husqvarna asserts that "Alabama justiciability requires a

4

controversy that is 'definite and concrete' and 'must have accrued,' not speculation that an employer might stop paying later." (Doc. 14 at 2) (citing *Surles v. City of Ashville*, 68 So.3d 89, 93 (Ala. 2011)).

The court notes that, contrary to Defendant Husqvarna's assertion, when tasked with finding whether a party has been properly joined for purposes of removal, the court looks to whether there is a possibility of a viable claim at the time of filing. The Eleventh Circuit has stated that "[w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Further, "'[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Id*. (Quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993)).

Here, the Magistrate Judge found that, at the time the Plaintiff filed her complaint, Defendant Eufaula "had not paid *all* benefits owed [to the Plaintiff] under the statute" and that Defendant "Eufaula … disputed liability, noting that it was paying weekly death benefits *despite the controversy regarding liability*." (Doc. 13 at 5) (emphasis in original). As such, the Magistrate Judge found that Defendant

5

Husqvarna "has not shown by clear and convincing evidence that there is 'no possibility' that [the Plaintiff] could establish a workers' compensation claim against [Defendant] Eufaula." (Doc. 13 at 5). The court agrees. From a review of the record, the court finds that, because Defendant Eufaula had not paid all benefits and because Defendant Eufaula was disputing liability at the time of filing, there exists enough evidence to establish the possibility that a state court would find that the complaint states a workers' compensation claim against Defendant Eufaula. As such, the court **OVERRULES** this objection.

### 2) Boilerplate Denials

As to Defendant Husqvarna's second objection under the fraudulent joinder standard, Defendant Husqvarna contends that the "recommendation rests heavily on [Defendant] Eufaula's answer denying allegations while noting it was paying benefits 'despite the controversy.'" (Doc. 14 at 2). In its objection, Defendant Husqvarna relies on *Holcomb v. Veteran's Oil, Inc.*, No. 2:19-CV-00210-MHH, 2020 WL 10223105 (N.D. Ala. Sept. 10, 2020) and *Callen v. Daimler Trucks N. Am., LLC*, No. 2:16CV311-WHA, 2016 WL 3566736 (M.D. Ala. June 29, 2016) for the proposition that "there is no possibility of establishing a workers' compensation claim where benefits are being paid and plaintiff identifies no underpayment or concrete dispute." (Doc. 14 at 2). However, the court notes that these cases are distinguishable to the case at hand. In both *Holcomb* and *Callen*, the record shows

6

that there were either completed or undisputed compensation obligations as to the workers' compensation claims. Here, while Defendant Eufaula has paid some benefits, there still exists a live dispute as to the issue of liability and all benefits had not been paid prior to the time the Plaintiff filed the Complaint. As such, the court **OVERRULES** this objection.

### 3) Recommendation's Reliance on *Jernigan/Mays*

As to Defendant Husqvarna's third objection under the fraudulent joinder standard, Defendant Husqvarna contends that the recommendation "acknowledges *Holcomb* and *Callen* but treats them as a 'but see,' even though those decisions are the closest factual analog[i]es because each involved an employer that was paying benefits with no live dispute." (Doc. 14 at 3). However, as stated above, the court finds that both *Holcomb* and *Callen* are distinguishable from the case at hand. The courts finding on this point is bolstered by Defendant Husqvarna's assertion that both cases had "no live dispute." Here, there still exists a live dispute as to the issue of liability and, as such, the court finds that the Magistrate Judge's reliance on *Jernigan* and *Mays* is not misplaced. As such, the court **OVERRULES** this objection.

Accordingly, the court agrees with the Magistrate Judge's determination that Defendant "Husqvarna has failed to show by clear and convincing evidence that [the Plaintiff] fraudulently joined [Defendant] Eufaula" and that Defendant Eufaula's

"citizenship … destroys complete diversity and requires remand."  (Doc. 13 at 8).

As such, because Defendant Husqvarna failed to identify an error in the Magistrate

Judge's factual findings or legal conclusions, the court **OVERRULES** Defendant

Husqvarna's objection that the Magistrate Judge misapplied the fraudulent joinder

standard.  (Doc. 14 at 1-3).

### B. Severance

Defendant Husqvarna argues that the court "should still sever [the workers'

compensation] claim under Rule 21 and remand it alone, because severance remains

both available and appropriate here while the court retains jurisdiction over the

diverse product-liability claims."  (Doc. 14 at 3-4).  Defendant Husqvarna has cited

to *Ingram v. CSX Transp., Inc.*, 146 F.3d 858 (11th Cir. 1998), *Lamar v. Home

Depot*, 907 F. Supp. 2d 1311 (S.D. Ala. 2012), and *Formosa v. Lowe's Home

Centers, Inc.*, 806 F. Supp. 2d 1181 (N.D. Ala. 2011) for the proposition that district

courts in Alabama have "repeatedly severed and remanded only the workers'

compensation claim, retaining diversity jurisdiction over the product-liability

claims, precisely because workers' compensation proceedings are expedited,

statutory, and damages-fixed, while third-party tort claims involve broader

discovery and open-ended damages."  (Doc. 14 at 4).  While *Lamar* and *Formosa*

highlight the court's authority to sever and remand only workers' compensation

claims, the court notes that *Ingram* does not even involve a workers' compensation

8

claim.  Regardless, the cases cited by Defendant Husqvarna to highlight the court's authority to sever and remand workers' compensation claim in fact do just that: they recognize the court's authority to sever but do not *require* severance of workers' compensation claims.  The court agrees with the Magistrate Judge's determination that "severance does not promote judicial economy or convenience of the parties" and that the claims against Defendant Eufaula and Defendant Husqvarna "'stem from the same accident, so federal-court litigation over [her] tort claims would simply duplicate state-court litigation over [her] worker[s'] compensation claim.'" (Doc. 13 at 10) (quoting *Moore v. Howard*, 2019 WL 919006, at *2 (M.D. Ala. Feb. 25, 2019)).

Accordingly, because Defendant Husqvarna failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** Defendant Husqvarna's objection that the Magistrate Judge's recommendation errs by refusing severance.  (Doc. 14 at 3-4).

### C. Narrow Jurisdictional Discovery

Defendant Husqvarna argues that the recommendation misreads *Lowery* [*v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007)] and ignores district-court discretion."  (Doc. 14 at 5).  However, the court notes that while Defendant Husqvarna has alleged that the Magistrate Judge misreads *Lowery*, Defendant Husqvarna has not provided in its objection which case, if any, the court should

9

consider from other courts that allowed targeted jurisdictional discovery. However, the court need not consider this portion of Defendant Husqvarna's objection. Instead, the court looks to Defendant Husqvarna's second argument pertaining to this objection that "limited discovery requested directly addresses the determinative jurisdictional question." (Doc. 14 at 5). As Defendant Husqvarna concedes in its objection, its limited discovery would be "to confirm whether [Defendant] Eufaula disputes any obligation to Plaintiff, intends to discontinue benefits, or whether there is any indication future benefits might be denied, and to clarify whether Plaintiff has any basis to believe future benefits will not be paid." (Doc. 14 at 5).

However, the court notes that Defendant Husqvarna need not seek leave to discover whether Defendant Eufaula disputes any obligation to the Plaintiff because the record already establishes that Defendant Eufaula has in fact disputed its obligation by asserting that it is paying some benefits *despite the controversy regarding liability*. Jurisdictional discovery for the purpose of determining whether Defendant Husqvarna intends to discontinue benefits or whether there is any indication that future benefits will not be paid does not change the fact that Defendant Eufaula has not paid to the Plaintiff *all benefits due* and that Defendant Eufaula *is disputing liability*, both of which were present at the time of the Plaintiff's filing of her Complaint. Accordingly, because Defendant Husqvarna failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the

10

court **OVERRULES** Defendant Husqvarna's objection that the Magistrate Judge's recommendation errs in denying narrow jurisdictional discovery based on an overbroad reading of *Lowery*. (Doc. 14 at 4-5).

## IV.  Conclusion

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge.  Accordingly, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Remand (doc. 8) is **GRANTED**;

2. Defendant Husqvarna's Motion for Jurisdictional Discovery and Motion for Severance (doc. 11) are **DENIED**;

3. This action shall be **REMANDED** to the Circuit Court of Barbour County, Alabama; and

4. The Clerk of Court is **DIRECTED** to take all steps necessary to effectuate the remand and close this case.

**DONE** and **ORDERED** on this the 24th day of June, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

11